

**SIGNED this 04 day of August, 2011.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 10-71843- JTL |
| JOHNY BROWN & | ) | |
| KYLEE BROWN, | ) | |
| | ) | |
| Debtors. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| WILSON FAMILY FOODS, INC, | ) | |
| DION GRIFFIS, & WILSON GRIFFIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO 11-07001-JTL |
| JOHNY BROWN & | ) | |
| KYLEE BROWN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Memorandum Opinion**

This matter comes before the Court on defendant Kylee Brown's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted and on the plaintiff's Motion Seeking Leave to Amend Complaint.  The Court heard oral arguments on June 24, 2011.  At the conclusion of the hearing, the Court took the matter under advisement.  For the reasons set forth below, the Court will grant in part and deny in part the wife-defendant's motion to dismiss and will grant the plaintiff's motion to amend.

**Background**

Defendant Johny Brown and plaintiffs Dion Griffis and Wilson Griffis are family members and shareholders of Wilson Family Foods ("Wilson").  The plaintiffs allege that Mr. Brown illegally diverted funds from a construction loan, meant for Wilson, to Mr. Brown's personal checking account, held jointly with his wife, Kylee Brown.  The plaintiffs further allege that the defendants used the funds for their own benefit, and that the as a result of the defendants' actions, the defendants are indebted to the plaintiffs in the amount of $2,100,00.00 plus interest.  This adversary proceeding seeks to except this debt from dischargeability under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). Section 523(a)(2)(A) excepts from discharge debts incurred debts incurred by "false pretenses, a false representation, or actual fraud"; section 523 (a)(4) excepts from discharge debts incurred "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"; and section 523(a)(6) excepts from discharge debts incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity."  Mrs. Brown is not included in the allegations involving fiduciary

capacity, as she is not claimed to be a Wilson fiduciary, but the plaintiffs include her in the fraud, embezzlement, larceny, and willful and malicious injury allegations.

While the original complaint named Mrs. Brown as a defendant, it contained no specific allegations against Mrs. Brown.  The allegations involving Mrs. Brown were general statements that Mr. Brown diverted the loan money for his and Mrs. Brown's personal benefit—there were no allegations of affirmative actions or omissions on Mrs. Brown's part.  The defendants' joint answer denied all the material allegations, but Mrs. Brown did not move to dismiss for failure to state a claim upon which relief can be granted until after the pleadings were closed.  Thereafter, the plaintiffs moved to amend their complaint.  The proposed new amended complaint included several allegations against Mrs. Brown.  The gravamen of the allegations were that, upon information and belief, Mrs. Brown knew or should have known that her husband was diverting funds from the Wilson loan account because Mrs. Brown knew or should have known that she and her husband were living beyond their means.

The defendants argue that Mrs. Brown was not involved with the loan procurement, was not part of the Wilson business, and had nothing to do with the day-to-day finances of the marriage and thus would have no knowledge of any alleged diversion of funds or inflation of debt.  They further argue that the proposed amended complaint still does not state a claim.  The plaintiffs argue that (1) Mrs. Brown's motion to dismiss is untimely because the defendants already answered the complaint,  (2) Mrs. Brown's alleged knowledge and inaction form the basis for the asserted claims, and (3) the Court should grant leave to amend because there has been no undue delay and because the case is still in its early stages.

**Conclusions of Law**

I.      **Timeliness of the Motion**

The defendants filed the motion to dismiss for failure to state a claim on May 31,

2011, three months after the final pleading was filed on February 28.  Federal Rule of

Civil Procedure 12(b), made applicable to adversary proceedings through Federal Rule of

Bankruptcy Procedure 7012(b), states, "Every defense to a claim for relief in any

pleading must be asserted in the responsive pleading if one is required."  That section

further states that a party may assert the defense of failure to state a claim (along with the

other enumerated defenses) via motion, and that "[a] motion asserting any of these

defenses must be made before pleading if a responsive pleading is allowed."  Put plainly,

the 12(b) defenses must either be raised before a responsive pleading via motion or in the

responsive pleading itself.

The plaintiffs assert that the motion to dismiss is untimely because it was filed

after the pleadings were closed.  While that is true, the defendants also raised the defense

in their answer's first numbered paragraph, under the heading "Affirmative Defenses."

The defense was raised generally as to both defendants, and perhaps it was added as part

of a boilerplate enumeration of standard defenses, but such standard language is added

for a reason—to give notice that those defenses are not waived.

Even if the defense was not raised in the answer, the Court would nevertheless not

dismiss the motion as untimely.  Federal Rule of Civil Procedure 12(h)(2)(B), which

applies to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012(b),

states, "Failure to state a claim upon which relief can be granted … may be raised … by

motion under Rule 12(c)."   Rule 12(c) (also applicable through Bankruptcy Rule

7012(b)) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Consequently, "the defense of failure to state a claim is not waivable," <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2nd Cir. 2001), and such motions filed after the pleadings are closed "will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted," <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999).

## II.   Sufficiency of the Complaint

On a motion to dismiss for failure to state a claim, the Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." <u>Cline v. Tolliver</u>, No. 10-13444, 2011 WL 2749566, at *2 (11th Cir. July 14, 2011) (citing <u>Ascroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  While the original complaint arguably implies wrongdoing or omissions, it includes scant information about Mrs. Brown and no direct allegations.  This is insufficient.  For the Court to take factual allegations at face value, there must be factual allegations.  The proposed amended complaint directly addresses Mrs. Brown's alleged participation.  The following analysis is based on the allegations in the proposed amended complaint.

### A.   Fraud Under § 524(a)(2)

The elements of a fraud claim under 523(a)(2)(A) are the following: "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement."

Johannessen v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).[1]

Silence or omission of material fact can also be the basis for a false representation

actionable under section 523(a)(2)(A) if the debtor has a duty to speak.  See, e.g., AT&T

Universal Card Servs. v. Mercer (In re Mercer), 246 F.3d 391, 404 (5th Cir. 2001).

Identifying the elements of fraud and assessing whether the complaint's allegations meet

those elements, however, are not the whole analysis.

Bankruptcy Rule 7009 makes Federal Rule of Civil Procedure 9 applicable to

adversary proceedings.  Federal Rule 9(b) states, "In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake.  Malice,

intent, knowledge, and other conditions of a person's mind may be alleged generally."

This particularity requirement serves several purposes, among them are to provide

defendants with adequate notice of the claims against them, to deter complaints used as a

pretext for discovery to uncover unknown wrongs ("fraud by hindsight"), and to protect

reputations against damaging, frivolous charges of fraud.  See, e.g., Kearns v. Ford Motor

Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  The Court is sympathetic that fraud often

cannot be pled with certainty before discovery.  The Court will therefore "look carefully

for specific allegations of fact giving rise to a 'strong inference' of fraudulent intent,

keeping in mind that the pleading of scienter 'may not rest on a bare inference that a

defendant "must have had knowledge of the facts."'"  Maldonado v. Dominguez, 137

F.3d 1, 9-10 (1st Cir. 1998) (citation omitted) (quoting Greenstone v. Cambex Corp., 975

---

[1] The terms in § 523(a)(2)(A) "incorporate the general common law of torts, the dominant consensus of
common-law jurisdictions, rather than the law of any particular State."  Field v. Mans, 516 U.S. 59, 70 n.9
(1995).  Thus, the Court does not look to the elements of fraud under Georgia law to determine whether the
plaintiffs state a ground for relief.  This is point, however, is merely academic.  The elements of fraud
under Georgia law are essentially identical.  See, e.g., Wolf v. Middleton, 305 Ga. App. 784, 788, 700
S.E.2d 598, 602 (2010) (elements of fraud are (1) false representation or omission of a material fact, (2)
scienter, (3) intention to induce to act or refrain from acting, (4) justifiable reliance, (5) damages).

F.2d 22, 25, 26 (1st Cir. 1992)).   If more than one defendant is alleged to have participated in a fraudulent transaction, the plaintiff cannot lump multiple defendants and vaguely attribute alleged fraud to "defendants" but must individualized the allegations and give specific facts as to each defendant.  See, e.g., Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2nd Cir. 1993); WMCV PHASE 3, LLC v. Shushock & McCoy, Inc., 750 F. Supp. 2d 1180, 1188 (D. Nev. 2010); Woodhams v. Allstate Fire & Cas. Co., 748 F. Supp. 2d. 211, 222 (S.D.N.Y. 2010).

The proposed amended complaint alleges that, upon information and belief, Mrs. Brown spent thousands of dollars on goods and services using credit cards, made large payments on the credit cards with funds from a joint bank account shared with Mr. Brown, knew or should have known that her family's spending exceeded household income, and knew or should have known that the money supporting the family's excessive spending came from the improperly diverted loan money.  The complaint later alleges the following:

- "Debtors knowingly made material omissions in their communications with Plaintiffs about Wilson's construction loan account at Heritage Bank and Mr. Brown's actions to remove funds from the Wilson construction loan account for his and Mrs. Brown's personal use and benefit."

- "Plaintiffs relied on Debtors' silence regarding Wilson's construction loan account at Heritage Bank and Mr. Brown's actions to remove funds from the Wilson construction loan account for his and Mrs. Brown's personal use and benefit."

- "Plaintiffs justifiably and reasonably relied on Debtors' silence regarding Wilson's construction loan account at Heritage Bank and Mr. Brown's actions to remove funds from the Wilson construction loan account for his and Mrs. Brown's personal use and benefit."

- "Plaintiffs sustained massive losses as a result of the omissions of the Debtors."

Whatever the outer limits of the particularity requirement might be, the complaint falls far short in the allegations against Mrs. Brown. The Court notes at the outset that even without the heightened pleading standards, the fraud allegation would be deficient. Mrs. Brown's alleged misrepresentations are all omissions. The complaint alleges in several areas that Mr. Brown owed a fiduciary duty to Wilson in his capacity as president, but nowhere does it allege Mrs. Brown had a duty to speak or that she was connected to Wilson other than being the wife of its president and being related to other shareholders through marriage.

The complaint alleges several actions on Mrs. Brown's part on "information and belief." Allegations on information and belief are of dubious usefulness in the face of heightened pleading requirements. See, e.g., Maldonado, 137 F.3d at 10 ("The complaint is also replete with allegations on "information and belief" …. However, "information and belief" alone is insufficient to meet 9(b)'s particularity requirement …."). While there are cases relaxing the heightened pleading standards in the bankruptcy context, those cases are based on a trustee as plaintiff. The trustee is a third party outsider to the fraudulent transactions who must plead on secondhand knowledge. See, e.g., Davidson v. Bank of New England (In re Hollis and Co.), 86 B.R. 152, 156 (E.D. Ark. 1988). Even if this were not a problem, the fraud allegation suffers other fatal defects.

As mentioned above, a fraud allegation cannot be aimlessly levied against multiple defendants—specific acts must be attributed to specific defendants.  The fraud allegations speak of the defendants, together, omitting information and of Wilson relying on the defendants' collective silence.  The complaint alleges specific acts on Mr. Brown's part—bypassing the loan officer, personally diverting funds from one account to another—but later conspicuously neglects mentioning *anything* specific Mrs. Brown did to mislead the plaintiffs.  What information did she omit?  Was there a specific conversation wherein she omitted information, or do the plaintiffs believe she had an ongoing duty to disclose?  If so, where did the duty arise from?  What, specifically, did the plaintiffs rely on?  The fraud complaint gives the impression that the plaintiffs are lumping Mrs. Brown in merely to increase the number of defendants to go after.  The stringent pleading requirements for fraud exist for a reason.  The fraud allegation against Mrs. Brown is exactly the type of allegation the heightened requirements are meant to preclude—a thin allegation backed by nothing concrete.

### B.    Embezzlement and Larceny Under § 524(a)(4)

Allegations of embezzlement and larceny do not fall under Rule 9's heightened pleading requirements.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  F.R.C.P. 8(a)(2) (applicable in adversary proceedings through Bankruptcy Rule 7008).

"Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.  It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time

of the taking."  4 *Collier on Bankruptcy* ¶ 523.10[2] (16th ed. 2009) (footnotes omitted).

As with fraud, federal common law controls the definitions of embezzlement and larceny

for purposes of nondischargeability.  See, e.g., Reilly v. Miano (In re Miano), 265 B.R.

352, 356 (D. Conn. 2001).   To establish embezzlement, a plaintiff must show an

appropriation of funds by the debtor of funds lawfully in the debtor's possession, for the

debtor's use or benefit, with fraudulent intent.  See, e.g., Kagan v. Bercu (In re Bercu),

293 B.R. 806, 811 (Bankr. M.D. Fla. 2003).  To prove larceny, a plaintiff "must show 'a

felonious taking of property with the intent to convert it or to permanently deprive the

owner of it.'"  Bazemore v. Lovvorn (In re Lovvorn), 430 B.R. 318, 325 (Bankr. M.D.

Ga. 2010) (quoting Bennet v. Wright (In re Wright), 282 B.R. 510, 516 (Bankr. M.D. Ga.

2002)).

   Taking the complaint's allegations at face value and making all reasonable

inferences in favor of the plaintiffs, the plaintiffs state a claim for embezzlement on Mrs.

Brown's part.  The allegations and inferences construed in favor of the plaintiffs show

that Mr. Brown lawfully took possession of the construction funds in his capacity as

Wilson's president and that Mrs. Brown spent some of the funds for her and her

husband's personal benefit, knowing the funds to rightfully belonged to Wilson.

   The plaintiffs allege, as an alternative to the embezzlement count, larceny on Mrs.

Brown's part.  Mrs. Brown, alleges the complaint, knew her husband was fraudulently

appropriating the construction loan funds for his and his wife's personal use with the

intent to deprive Wilson of the funds.  Mrs. Brown does not cite any cases standing for

the proposition that not physically diverting the funds herself absolves her of any

knowledge of the fraudulent appropriation and of her wrongfully using the funds for her

personal use.  She cites a case stating that mere knowledge of a spouse's misconduct is insufficient to confer liability.  See Haemonetics v. Dupre, 238 B.R. 224, 228 (D. Mass. 1999).  Without opining on the merits of whether knowledge alone can lead to nondischargeability, the Court notes that the cited case explains that knowledge *and* participation or assistance does confer liability.  See id.  The plaintiffs allege, and the Court must accept as true, that Mrs. Brown participated via spending money she knew belonged to Wilson.

The defendants' brief argues that the embezzlement and larceny counts against Mrs. Brown should be dismissed because she was not an officer or employee of Wilson, because she had nothing to do with the finances of the marriage, and because she was suffering from severe alcoholism such that she could not have known what was going on. The brief also refers to attached documents establishing who Wilson's corporate officers are.  The Court would like to remind the defendants that such evidence-based arguments are inappropriate in a brief on a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings.

### C.    Willful and Malicious Injury Under § 523(a)(6)

The Eleventh Circuit has interpreted "willful" as requiring "'a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another.'"  Hope v. Walker (In re Walker), 48 F.3d 1161, 1163 (11th Cir. 1995) (quoting Lee v. Ikner (In re Ikner), 883 F.2d 986, 991 (11th Cir. 1989)).  It has also interpreted "malicious" as "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will."  Id. at 1164 (quoting Ikner, 883 F.2d at 991).

Mrs. Brown's spending money for her personal benefit (an intentional or deliberate act) she knew to be earmarked for a Wilson construction project (wrongfully and without just cause) fits the elements for nondischargeability due to willful and malicious injury. Thus the Court cannot dismiss this count for failure to state a claim.

## III.    Motion to Amend Complaint

Federal Rule of Civil Procedure 15, applicable to adversary proceedings through Bankruptcy Rule 7015, designates when amendments to pleadings are allowed. Rule 15(a) governs amendments as a matter of right. It states, in pertinent part, that a party may amend a pleading as a matter of course (1) within 21 days after serving the pleading, (2) within 21 days after being served with a responsive pleading (if the responsive pleading was required), and (3) within 21 days after service of a motion under Rule 12(b). The motion to dismiss was filed on May 31, 2011, while the motion to amend was filed June 20, 2011, which is 20 days after the Rule 12(b) motion. However, as explained above, because the pleadings have closed the Court treats the motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). Thus the time for amendments as a matter of right has lapsed.

Rule 15(b) governs amendments in all other instances. If a party cannot amend as a matter of right, the party can amend only with the opposing party's consent or by leave of the court, and "[t]he court should freely give leave when justice so requires." Refusing to grant leave without any apparent reason is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). Circumstances that might lead a court to deny a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movants, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of the amendment."

Id.

The defendants essentially argue that any amendment would be futile because Mrs. Brown was not involved with the finances of the company or the day-to-day finances of the marriage, and because "the evidence will show" that her alcoholism and time at a rehabilitation center was such that she could not do what she was accused of. As mentioned above, evidentiary-based arguments are improper under the current procedural posture of the case. The proposed amended complaint adds allegations which, if true, state a claim for nondischargeability.

## Conclusion

The Court will grant the motion to dismiss as to the fraud allegation and deny the motions to dismiss as to the embezzlement, larceny, and willful and malicious injury allegations. The Court will also grant the plaintiffs' motion to amend complaint. Orders in accordance with this memorandum opinion will be entered.